## PennDOT v. Scarpa

C.P. of Bucks County, no. 04-04018-29-6.

*Craig A. Sopin,* for appellant.
*Joel West Williams,* for appellee.

FRITSCH JR., *J.,* January 13, 2005—

## I. INTRODUCTION

Joseph Scarpa filed a petition for appeal from the order of the secretary of transportation suspending his operator's license. This court denied the appeal by order dated December 1, 2004. This opinion is offered to explain the reasons for our decision.

## II. PROCEDURAL AND FACTUAL BACKGROUND

By letter bearing mail date May 25, 2004, the Commonwealth of Pennsylvania, Department of Transportation notified Scarpa (appellant) that his driving privileges were suspended for one year effective June 29, 2004, as a result of his conviction on March 31, 2004, for violating section 3731 of the Vehicle Code (driving under influence). Appellant was arrested for DUI in Pennsylvania on October 5, 2003, and was convicted in Pennsylvania on March 31, 2004. Appellant appealed the suspension of his Pennsylvania driver's license, and a hearing was held before this court on November 9, 2004. At his license suspension hearing before the undersigned, appellant's sole argument was that PennDOT was not authorized to suspend his driving privileges because the conviction occurred and the official notice was mailed after February 1, 2004, the effective date of the Act of September 30, 2003, 2003 Pa. Legis. Serv. 2003-24 (West) (Act 24).

This matter was taken under advisement to allow appellant and the Commonwealth to submit memoranda of law. Following the receipt and review of the memoranda, this court issued an order on December 1, 2004, which denied the appeal and reinstated the suspension of appellant's driving privileges.

## III. ISSUES

Appellant raises two issues on appeal: (1) whether this court "erred in denying appellant's driver license suspension appeal since the March 31, 2004 New Jersey (sic) DUI conviction date should have been the controlling date for the purposes of determining whether the department had authority to impose a suspension under Act 24 of 2003, effective February 1, 2004"; and (2) whether this court "erred in denying appellant's driver license suspension appeal since the suspension authority in the official notice of suspension was 75 Pa.C.S. §1532(b) but the legislature had repealed the inclusion of section 3731 (the old DUI law) in that section and failed to include a savings provision for section 1532(b), resulting in there having been no suspension authority under that provision at the time the suspension action was taken." See statement of matters complained of on appeal.

## IV. ANALYSIS OF THE ISSUES

In the case sub judice, appellant was convicted in Pennsylvania of violating section 3731A. The date of his violation was October 5, 2003. The date of his conviction was March 31, 2004. Clearly, this is a DUI that occurred in Pennsylvania. (N.T., 11/09/04, p. 9.) Therefore, any

reference to a New Jersey DUI in appellant's statement of matters complained of on appeal is erroneous.

Pennsylvania's DUI law was contained in 75 Pa.C.S. §3731 until February 1, 2004. Effective February 1, 2004, 75 Pa.C.S. §3731 was repealed and replaced by 75 Pa.C.S. §3802.[1] Under the old statute (75 Pa.C.S. §3731), all first-time DUI convictions resulted in a one-year suspension of driving privileges. Under the new statute (75 Pa.C.S. §3802), drivers convicted of violating section 3802(a) who have not been convicted of DUI within the past 10 years will avoid any suspension of driving privileges. Drivers who are convicted of a second or subsequent DUI will remain subject to suspension of driving privileges.

Section 21 of Act 24 provides:

"Section 21. The following shall apply: . . .

"(2) The repeal of 18 Pa.C.S. §7514 and 75 Pa.C.S. §3731 shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.

"(3) An individual sentenced under 18 Pa.C.S. §7514 or 75 Pa.C.S. §3731 shall be subject to administrative and civil sanctions in effect on January 31, 2004. . . .

"(5) The following apply to offenses committed before February 1, 2004:

"(i) Except as set forth in subparagraph (ii) or (iii), this Act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense."

---

1. The new DUI law is contained in the Act of September 30, 2003, 2003 Pa. Legis. Serv. 2004-24 (West). This legislation is commonly referred to as "Act 24" and the provisions relevant to the instant case became effective on February 1, 2004.

In license suspension appeals involving Act 24, the Bucks County Court of Common Pleas has held that the date of violation is the correct date for determining which version of the statute applies. *PennDOT v. Woods,* docket no. 04-03799-30-6, Bucks Cty. C.C.P., November 3, 2004. *PennDOT v. McCann,* docket no. 04-02600-30-6, Bucks Cty. C.C.P., September 8, 2004.

Appellant argues that PennDOT lacked the authority to impose a one-year suspension of his driving privileges as a result of his March 31, 2004 conviction. This argument is based on appellant's belief that the current version of 75 Pa.C.S. §1532(b) should be read in a vacuum. Appellant wants this court to ignore the savings provisions set forth above in section 21 of Act 24 and apply the wording of the current version of section 1532(b) to his case. While the current version of section 1532(b) does not authorize a one-year suspension for appellant's conduct, the version which was in effect on January 31, 2004 clearly does.

Prior to February 1, 2004, section 1532(b) read:

"1532. Revocation or suspension of operating privilege . . .

"(b) Suspension.—

"(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer) or an adjudication of delinquency based on section 3731 or 3733. The department shall suspend the operating privilege of any driver for

six months upon receiving a certified record of a consent decree granted under 42 Pa.C.S. ch. 63 (relating to juvenile matters) based on sections 3731 or 3733." 75 Pa.C.S. §1532(b)(3) (1994).

As a result of the savings clauses in section 21 of Act 24 (quoted above), this court determined that PennDOT had the authority to suspend appellant's driving privileges under the version of section 1532(b) in effect on January 31, 2004.

Appellant's second issue raised the point that the legislature had repealed the inclusion of section 3731 in 75 Pa.C.S. §1532(b), and failed to include a specific savings provision for section 1532(b). This issue is inextricably linked to appellant's first argument that the controlling date should be the date of conviction rather than the violation date. Appellant cites *Berner v. PennDOT,* 746 A.2d 1207 (Pa. Commw. 2000) in support of his position. That case addressed the application of the driver's license compact where the motorist was no longer licensed in Pennsylvania at the time of conviction in another state. Because Scarpa was convicted in Pennsylvania and remains licensed in Pennsylvania, we find that *Berner* is inapplicable to the case sub judice.

In light of the language set forth above in section 21(2), (3) and (5) of Act 24, we find that appellant's suspension was imposed under proper legal authority and that the violation date is the critical date for determining the applicable law. *Woods, supra* at 7.

## V. CONCLUSION

The foregoing represents the reasons for this court's order of December 1, 2004.